Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 1205 - 1 | **DATE** | 7/25/2003 |
| **CASE TITLE** | USA vs. MYR Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order affirming Magistrate Judge Geraldine Soat Brown's decision dismissing the indictment as to MYR Group, Inc.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 28 2003 date docketed | |
| | Notified counsel by telephone. | | | 34 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/25/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 02 CR 1205 |
| MYR GROUP, INC. and THE L.E. MYERS COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

DOCKETED
JUL 2 8 2003

## MEMORANDUM OPINION AND ORDER

The United States indicted MYR Group, Inc. ("MYR") and a wholly-owned subsidiary, The L.E. Myers Company ("L.E. Myers"), on two counts each under section 666(e) of the Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. §§ 651-78. Section 666(e) states that "[a]ny employer who willfully violates any [Occupational Safety and Health Administration ("OSHA") regulation], and that violation caused death to any employee, shall, upon conviction, be punished by a fine of not more than $10,000 or by imprisonment for not more than six months, or by both." The indictment alleged that MYR knowingly and willfully violated two OSHA regulations relating to safety training of employees in the electric power industry while it was responsible for safety training of employees of L.E. Myers. The indictment further alleged that these violations caused the deaths of two L.E. Myers employees. Both defendants consented to proceed before a magistrate judge, who dismissed the indictment as to MYR for failing to set out any basis for criminal liability on the part of MYR. Magistrate Judge Geraldine Soat Brown held

that the OSH Act and OSHA regulations create obligations of employers to employees, and that while MYR was technically *an* employer as defined by the Act, it was not *the* employer of the deceased workers and could therefore not be liable for their deaths. The magistrate judge also held that MYR did not fall within two exceptions to the rule that an employer must be *the* employer to establish criminal liability, the multi-employer worksite and joint employer exceptions. The government now appeals Judge Brown's ruling. I affirm her decision.

I.

A ruling on a motion to dismiss an indictment is a ruling on a question of law and subject to *de novo* review. *United States v. Prewitt*, 34 F.3d 436, 440 (7th Cir. 1994).[1] The government argues that the indictment is sufficient because it alleges all the elements of 29 U.S.C. § 666(e), and therefore should not have been dismissed. *Cf. United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002) ("An indictment is deemed sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense."). Pretrial motions to dismiss are not limited to challenging the technical sufficiency of the indictment, however. "[A]ny defense

---

[1] The scope of an appeal from a magistrate judge to a district court is the same as in an appeal from a district court to a court of appeals. Fed. R. Crim. P. 58(g)(2)(D).

2

... that the court can determine without a trial of the general issue" can be raised in a pretrial motion. Fed. R. Crim. P. 12(b)(2). Regardless of the sufficiency of the indictment in setting out the elements of a statutory violation, if the government's own facts establish that there is no violation, the indictment may be dismissed. *See United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988). Here, the allegations in the indictment establish that MYR cannot be held liable under section 666(e) for the deaths of the two workers.

As noted above, section 666(e) makes liable "[a]ny employer" whose willful violation of an OSHA regulation causes the death of "any employee." While MYR is an "employer" and the two deceased workers are "employee[s]" under the OSH Act,[2] facts alleged in the indictment establish that MYR did not violate the OSHA regulations it is accused of violating. The indictment alleges that the deceased workers were employees of L.E. Myers but does not allege that they were employees of MYR. The indictment simply alleges that MYR "was responsible for overseeing the safety program" at L.E. Myers, "authored and published a Safety Manual and numerous Safety Alerts for the use of employees of [L.E. Myers]," and, with L.E. Myers, "[was] responsible for safety training, safety instruction and safety enforcement for employees of [L.E. Myers]."

---

[2] Employer is defined as "a person [including a corporation] engaged in a business affecting commerce who has employees." 29 U.S.C. § 652(5), (4). Employee is defined as "an employee of an employer who is employed in a business of his employer which affects commerce." 29 U.S.C. § 652(6).

(Indictment ¶ 1(k).)

The OSHA regulations that MYR is accused of violating are 29 C.F.R. §§ 1910.269(a)(2)(i) and (ii), which indicate that "[e]mployees shall be trained in and familiar with the safety-related work practices, safety procedures, and other safety requirements in this section that pertain to their respective job assignments" and set out various procedures and techniques in which employees should be trained. While the passive language of these regulations allow for the required training to be provided by someone other than the employee's employer, 59 Fed. Reg. 4320, 4341 (Jan. 31, 1994) ("Clearly, the plain language of the standard allows employees to be trained by other parties."), ultimate responsibility for compliance with these regulations is placed on the employee's employer, not the party providing the training. See 29 C.F.R. § 1910.269(a)(2)(iii) ("The employer shall determine, through regular supervision and through inspections conducted on at least an annual basis, that each employee is complying with the safety-related work practices required by this section."); 29 C.F.R. § 1910.269(a)(2)(vii) ("The employer shall certify that each employee has received the training required by paragraph (a)(2) of this section."). Thus, only the employer of the deceased employees, not the party providing the training, can be held liable for violations of the OSHA training requirements.[3] As the

---

[3] Such a reading is supported by OSHA's discussion of the training requirements during final rulemaking. See 59 Fed. Reg. 4320, 4341 ("The standard cannot specify requirements for every

4

indictment alleges only that MYR is *an* employer under the OSH Act, but not *the* employer of the deceased workers, the indictment fails to allege an OSHA violation by MYR, and consequently fails to allege an offense under section 666(e) as to MYR.

II.

The government argues that MYR can be held liable under the multi-employer doctrine. This doctrine, recently endorsed by the Seventh Circuit, states that "on multi-employer work sites, an employer who creates a safety hazard can be liable under the [OSH] Act regardless of whether the employees threatened are its own or those of another employee on the site." *United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 982 (7th Cir. 1999). In *Pitt-Des Moines*, defendant PDM had contracted to erect structural steel for a building project. An OSHA regulation required PDM to use two bolts tightened with nuts to connect certain steel beams during one phase of the project. PDM failed to do so and a beam dropped,

---

hazard the employee faces in performing electric power generation, transmission, or distribution work. Employers must fill in this gap by training their employees in hazards that are anticipated during the course of jobs they are expected to perform."); *Id.* at 4343 ("These provisions will require employers to take steps to assure that employees comprehend what they have been taught and that they are capable of performing the work practices mandated by the standard."). Further, failing to extend OSHA training regulations to cover parties providing training to another party's employees is consistent with cases failing to extend OSHA regulations to cover manufacturers and suppliers of tools and equipment that are allegedly in violation of those regulations. *See Vulcan Tools of P.R., Inc. v. Makita U.S.A., Inc.*, Civ. No. 89-148 (RLA), 1993 WL 719565, at *8 (D.P.R. Sept. 1, 1993); *Bazdar v. Koppers Co.*, 524 F. Supp. 1194, 1200 (N.D. Ohio 1981).

triggering the collapse of part of the steel structure. Two workers were killed, one of whom was not employed by PDM. PDM was convicted under section 666(e), and the Seventh Circuit affirmed, citing the multi-employer doctrine.

The multi-employer doctrine is based on section 654(a) of the OSH Act. *Id.* That section states:

> Each employer--
> (1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;
> (2) shall comply with occupational safety and health standards promulgated under this chapter.

29 U.S.C. § 654(a). Section 654(a)(1) places a general duty on an employer to provide a workplace free from hazards, but the duty is owed only "to each of his employees." *Pitt-Des Moines, Inc.*, 168 F.3d at 982. In contrast, section 654(a)(2) places a specific duty on employers to comply with OSHA regulations, but the absence of the "to each of his employees" language implies that the duty is owed to a broader class of people. *Id.* Thus, "[u]nlike Section 654(a)(1), which imposes a general duty to a specific class, 654(a)(2) implies a specific duty to a more general class." *Id.* The multi-employer doctrine arises from section 654(a)(2), and thus a more correct statement of the doctrine is "that when an employer on a work site *violates a safety regulation*, it can face liability under the [OSH] Act regardless of whether those exposed to the resulting danger were the employer's own employees or those of

6

another." *Id.* at 982-83 (emphasis added). Because the doctrine is derived from section 654(a)(2), it is not enough that the employer simply creates a hazard, it must be hazard resulting from the violation of an OSHA regulation. Here, as discussed above, the indictment fails to allege an OSHA violation by MYR, because as trainer, but not employer, of the deceased employees, it cannot have violated the training regulations at issue. Thus, whether or not the allegedly inadequate training was a hazard created by MYR, it was not a hazard resulting from a violation of OSHA by MYR. The multi-employer doctrine does not save the indictment as to MYR.

III.

Finally, the government argues that MYR can be held liable under the joint employer doctrine. Regardless of whether MYR was a joint employer of L.E. Myers under the test laid out in the cases cited by the government involving the National Labor Relations Act, *NLRB v. Western Temporary Services Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987) (citing *Lutheran Welfare Services v. NLRB*, 607 F.2d 777, 778 (7th Cir. 1979), the government points to no case in which one joint employer was held liable *for OSHA violations* of another joint employer. The only case cited by the government involving OSHA is *Secretary of Labor v. C.T. Taylor Co.*, Nos. 94-3241 & 94-3327, 2003 WL 1961272 (O.S.H.R.C. Apr. 26, 2003). In that case, the OSH Review Commission treated two employers as a single employer for purposes of an OSHA violation. *Id.* at *4. The Seventh Circuit,

7

however, has cautioned against blurring the distinction between the concepts of joint employer and single employer. *W. Temp. Servs.*, 821 F.2d at 1266. The OSH Review Commission applied the single employer, not the joint employer, concept in *C.T. Taylor Co.* Thus, the government cites no case applying the joint employer concept to OSHA violations. As my own research likewise reveals no cases applying the joint employer concept in the OSHA context, and the government provides no compelling reason to do so here (it apparently abandoned its joint employer argument before filing its reply brief), the joint employer doctrine cannot defeat dismissal of the indictment as to MYR.

IV.

Because the indictment fails to allege an offense by MYR, the magistrate judge's decision dismissing the indictment as to MYR is AFFIRMED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: July 25, 2003